# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

RICHARD KELLEY HARTE,

      Plaintiff,

v.                                CASE NO.  4:11cv351-RH/WCS

CITY OF TALLAHASSEE, etc.,
et al.,

      Defendants.

_____/


## ORDER DENYING THE DEFENDANTS' MOTION TO AUTHORIZE SUBPOENAS AND ASSESSING FEES


The defendants have given notice of their intent to subpoena records from nonparties.  The plaintiff has objected.  The defendants have moved for a ruling that the subpoenas may properly be served.  The defendants' attorney did not confer with the plaintiff's attorney before filing the motion as required by Local Rule 7.1.  The defendants' attorney says conferring would be pointless because he conferred earlier and wrote a letter to the plaintiff's attorney but received no response by the deadline set in the letter.

The proposed subpoenas go far beyond the permissible scope of discovery: "nonprivileged matter that is relevant to any party's claim of defense."  Fed. R. Civ. P. 26(b)(1).  Thus, for example, the defendants seek to require the buyer of the plaintiff's business to produce every record related to the business predating its sale.  So if the plaintiff's business bought a lamp or clock or electric pencil sharpener, the defendants want the buyer to produce the warranty and operating instructions for it.  And at the very least, the defendants want the buyer—a nonparty—to go look for such a record.  Many other examples of the overbreadth of the proposed subpoenas could be given.  This kind of record is not relevant to a claim or defense.  And even if every such record could be deemed relevant to a claim or defense, I would block the discovery anyway, as disproportionate to its value in the litigation.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

The defendants' assertion that a party has no standing to assert a 26(b)(1) scope-of-discovery objection or a 26(b)(2)(C)(iii) disproportionality objection is incorrect.  And it bears noting, too, that many of the cases cited by the defendants in their motion were decided before Rule 26 was amended to emphasize a court's ability to rein in excessive discovery.  If the rules ever allowed discovery as broad as the defendants contend, they allow it no longer.

Denying the defendants' motion will not end the dispute over the defendants' ability to obtain business records relevant to the plaintiff's damages claim.  Before another motion is filed, each side should reconsider its position, and there must be a good faith conference—not just a long letter.  So before filing a motion, an attorney should pick up the telephone and call the opposing attorney. The opposing attorney should take the call or promptly return it.  And each side should then confer in good faith.  The defendants are entitled to the financial information that would allow an assessment of the plaintiff's business losses—not just the records the plaintiff wants to provide.  If there is information a reasonable expert would review in order to develop an opinion on lost profits and their cause, the defendants are entitled to it.  But these requests are far too broad.

Under Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, the court "must" order the moving party or attorney or both to pay the opposing party's attorney's fees, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust."  Unless these conditions are met, an award of sanctions is "mandatory."  *Devaney v. Cont'l Am. Ins. Co.*, 989 F. 2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F. 2d 1013, 1019 (5th Cir. Unit A June 1981)).  A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ

as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S.
552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (citations, quotation marks,
and brackets omitted); *Devaney*, 989 F.2d at 1163.

The defendants' position here was not substantially justified, and an award
of attorney's fees would not be unjust.  In order to avoid unnecessary expense in
connection with determination of the amount of attorney's fees to be awarded as a
sanction, this order sets a presumptive amount but allows either side to move to
redetermine the amount *de novo*.  Attorney's fees incurred by the adverse party
may be assessed against the party who loses any such motion to redetermine.

For these reasons,

IT IS ORDERED:

1. The defendants' motion to authorize specific nonparty subpoenas, ECF
No. 28, is DENIED.

2. The defendants must pay the plaintiff $400 as attorney's fees.  But if a
party asserts that this is not the amount of reasonable attorney's fees necessarily
incurred by the plaintiff in connection with the motion to authorize nonparty
subpoenas, the party may file within 14 days a motion to redetermine the amount
of fees, and the matter will be reconsidered de novo.  Fees assessed by or based on
this order must be paid within 14 days from the date of this order (if no motion to

redetermine is filed) or within 14 days after entry of an order on any motion to

redetermine.

SO ORDERED on October 26, 2011.

Robert L. Hinkle
United States District Judge